# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIRMONT SPECIALTY INS. CO.,<br><br>Plaintiff,<br><br>v.<br><br>MID VALLEY AGRICULTURAL SERVICES, et al.,<br><br>Defendants. | 1:08cv0115 OWW DLB<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Document 14) |

Plaintiff Fairmont Specialty Ins. Co. ("Plaintiff") filed the instant motion for default judgment on May 7, 2008. The motion was heard on June 13, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge. Robert Hoffman appeared on behalf of Plaintiff. Defendants Mid Valley Agricultural Services ("Mid Valley") and Don DeBoer ("Mr. DeBoer") (collectively "Mid Valley Defendants") did not appear. The motion was referred to this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff filed this complaint for declaratory relief and reimbursement of defense payments on January 22, 2008, against the Mid Valley Defendants and John and Alice Lewis, who were dismissed pursuant to the parties' stipulation on March 6, 2008.

Plaintiff seeks a judicial determination that it has no obligation to defend, settle and/or indemnify any claims against the Mid Valley Defendants in the pending Merced County Superior Court action <u>Lewis et al., v. Mid Valley Agricultural Services, Inc., et al.</u>  The <u>Lewis</u> action, which Plaintiff has been defending under a reservation of rights, arose out of allegedly negligent advice rendered by Mid Valley Defendants to Mr. And Mrs. Lewis on the type, amount and delivery of fertilizer to be used on their almond trees.  They allege that they relied on this advice and that their trees were damaged as a result.

On February 4, 2008, Plaintiff filed a Notice and Acknowledgment of Receipt signed by Mr. DeBoer.  On February 27, 2008, Plaintiff filed a Notice and Acknowledgment of Receipt signed by Larry Beck, the registered agent of Mid Valley.

On April 14, 2008, the Clerk entered default as to Mr. DeBoer and Mid Valley.  Prior to the entry of default, counsel for Plaintiff sent the Mid Valley Defendants letters on April 3, 2008, advising them that they had not filed a response and that Plaintiff would seek default if they did not serve responses by April 10, 2008.  Mr. DeBoer contacted Plaintiff's counsel on April 7, 2008, and advised counsel that David Leath was representing him in this action.  Mr. Leath indicated on April 8, 2008, however, that he was only representing Mr. DeBoer in the underlying <u>Lewis</u> action.

Plaintiff filed this motion for default judgment on May 7, 2008.  By this motion, Plaintiff seeks judgment on its first and second claims for declaratory relief that no potential insurance coverage exists under a general liability policy issued to Mid Valley for any of the claims asserted against the Mid Valley Defendants, or anyone else, in the underlying <u>Lewis</u> action, and that Plaintiff has no duty or obligation to defend, indemnify or reimburse any person or entity in connection with the claims asserted in the <u>Lewis</u> action.  Plaintiff also seeks judgment on its third claim for reimbursement of $48,669.40 for legal fees and costs incurred for the defense of the Mid Valley Defendants in the <u>Lewis</u> action, as well as prejudgment interest in the amount of

$2,302.09.[1]  The Mid Valley Defendants have not filed an opposition or otherwise appeared in this action.[2]

## DISCUSSION

Plaintiff moves for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), which provides that judgment may be entered:

> By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"Upon default, the well pleaded allegations of the complaint relating to liability are taken as true."  Dundee Cement Co. v. Highway Pipe and Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).  Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted."  10 J. Moore, Moore's Federal Practice §55.11 (3d ed. 2000).

In its complaint, Plaintiff requests a declaration that no potential coverage exists for the claims in the Lewis action pursuant to the testing or consulting errors and omissions exclusion to the general liability coverage section.  The exclusion provides that the policy does not apply to property damage arising out of "an error, omission, defect or deficiency" from a "consultation or advice given by or on behalf of any insured" or the "reliance" upon any such "consultation or advice."

---

[1] Plaintiff has been equally sharing the cost of the defense of the Lewis action with Lloyd's of London, which issued a professional liability policy to Mid Valley.

[2] Mr. DeBoer and Mid Valley were served with this motion by United States Mail and FedEx on May 7, 2008.  Declaration of Robert D. Hoffman in Support of Absence of Opposition, ¶ 12.

In support of its contention that the Lewis action arose out of alleged reliance on improper consultation and advice, Plaintiff attaches verified discovery responses. Exhibit J, attached to Declaration of Robert D. Hoffman ("Hoffman Dec."). The Lewis' believe that the damage was caused by "an inappropriate amount, type, or method of delivery of fertilizer." They further state that the recommendations were made by Mr. DeBoer, an agent and employee of Mid Valley.

As to its claim for reimbursement, Plaintiff states that it reserved its rights pursuant to a letter dated January 2, 2007, and since that time, it has incurred $48,669.40 in legal fees. Declaration of David Blevins ("Blevins Dec."), ¶¶ 10-11. Buss v. Superior Court, 16 Cal.4th 35 (1997) (insurer may obtain reimbursement of defense costs in connection with claims for which it is established that no potential for coverage existed under the policy). Plaintiff's request for $2,302.09 in prejudgment interest is made pursuant to California Civil Code section 3287(a).

Plaintiff contends that Mr. DeBoer is not an infant or an incompetent person, and is not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. Hoffman Dec., ¶ 12.

Having read and considered the declarations, pleadings and exhibits to the present motion, the Court finds that Plaintiff's motion should be granted.

## RECOMMENDATION

For the reasons discussed above, the Court RECOMMENDS that:

1. Plaintiff's motion for default judgment in favor of Plaintiff and against the Mid Valley Defendants be GRANTED;

2. The Court enter judgment declaring that no potential coverage exists for any of the claims asserted against the Mid Valley Defendants, or anyone else, in the action Lewis et al., v. Mid Valley Agricultural Services, Inc., et al., Merced County Superior Court Case No. 149253, under the commercial lines insurance policy issued by Plaintiff's predecessor, Ranger Insurance Company, to Mid Valley for the policy period March 1, 2005, to March 1, 2006, bearing policy number GPP 0403069;

3.   The Court enter judgment that Plaintiff has no duty or obligation to defend, indemnify or reimburse any person or entity with respect to the claims asserted in the Lewis action; and

4.   Plaintiff recover from the Mid Valley Defendants legal fees in the amount of $48,669.40, plus prejudgment interest in the amount of $2,302.09.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 20, 2008**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE